IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LORI GRAVELING, } | |
| } | |
| Plaintiff, } | |
| } | CIVIL ACTION NO. |
| v.  } | 11-AR-0589-S |
| } | |
| ZARZAUR AND SCHWARTZ, et al., } | |
| } | |
| Defendants. } | |

**<u>MEMORANDUM OPINION</u>**

Upon reflection and after research, the court now realizes that the above-entitled case is a case to which *Younger* abstention applies.

Defendants here are lawyers who represent Capital One Bank (USA) N.A. in the underlying collection suit, which is still pending in the Circuit Court of St. Clair County, Alabama, although stayed. It was filed in the state court before the instant action was filed in this court invoking the Fair Debt Collection Practices Act. There was nothing to prevent the alleged debtor, Lori Graveling, here plaintiff, from filing a counterclaim in the state court against Capital One, which had billed her without success over her credit card debt, and had turned over the matter to Zarzaur and Schwartz. Lori Graveling could have added Capital One's lawyers as counter-defendants in what should have been her counterclaim against Capital One.

Up until now, this court has spent an inordinate amount of time and energy dealing with the claims of James Graveling, a non-

party and non-lawyer, who is no longer in the case. It now becomes clear that *Younger* controls because Lori Graveling is the only plaintiff, and is also the defendant in the state court action.

The state court in which the collection action is pending apparently is proceeding on the assumption that the first of the two cases to reach final resolution will be dispositive of the other. It is probably correct. The state court's deference to this court is a reverse of the order of deference required by *Younger*. Not until after a default judgment had been entered against Lori Graveling in the state court was that judgment vacated after she and her non-party husband promised to file their Fair Debt Collection Practices Act action in federal court. Fortunately for this court, and unfortunately for the state court, the federal claim could have been brought in the state court, which has concurrent jurisdiction. It thus becomes subject to the *Younger* abstention doctrine.

The Supreme Court of the United States applied *Younger* in *Pennzoil Co. v. Texaco, Inc.*, 107 S.Ct. 1519 (1982), as follows:

> This Court repeatedly has recognized that the States have important interests in administering certain aspects of their judicial systems.
>
> *Id*. 1527.

* * *

> ... [D]enigrations of the procedural protections afforded by Texas law hardly come from Texaco with good grace, as it apparently made no effort under Texas law to secure the relief sought in this case.

*Id*. 1528.

* * *

... [T]he lower [federal] court should have deferred on principles of comity to the pending state proceedings.

*Id*. 1529.

* * *

... Texaco cannot demonstrate that the Texas courts were not then open to adjudicate its claims.

*Id*. 1529.

The Fair Debt Collections Practices Act, at 15 U.S.C. § 1692k (d), provides:

**<u>Jurisdiction</u>**

An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, **or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.**

(emphasis added).

The Alabama courts have a truly important interest in cases like the one brought by Capital One in St. Clair County.  The state court has jurisdiction both over a routine collection suit and over federal defenses and other possible responses to the collection suit.  This situation can be analyzed to an assault and battery civil action brought in state court by a policeman against a citizen, followed by the citizen's 42 U.S.C. § 1983 counterclaim against the policeman, adding his municipal employer, charging both with excessive force.  If the citizen had filed a separate § 1983

action in federal court instead of counterclaiming in the state court, abstention by the federal court would have been required. In other words, under *Younger*, a war cannot be fought on two fronts.  If it rages in a state court, it must be fought to its conclusion there, even though federal claims that are not exclusively federal may be implicated and must be decided in the state court.

Under the circumstances, the court will enter a separate order of abstention.

DONE this 26th day of October, 2011.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE